IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUIDO M. SMET and SHEILA SMET | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO._____ |
| | § | JURY REQUESTED |
| STATE FARM LLOYDS, and | § | |
| JESSICA HARRIS | § | |
|     Defendants. | § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS (hereinafter, "State Farm") Defendant in the above-styled and numbered cause, files this Notice of Removal of the present action from the 125th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In connection with this Notice of Removal, State Farm would respectfully show unto the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1.    Plaintiffs Guido M. Smet and Sheila M. Smet filed this action on February 27, 2015 against State Farm Lloyds and Jessica Harris in the 125th Judicial District Court of Harris County, Texas. That case was docketed under cause number 2015-11672 (the "State Court Action").

2.    State Farm was served with process on March 10, 2015. Upon information and belief, Defendant Jessica Harris has not been served with process but did file an answer on April 2, 2015.

3. State Farm files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 125th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

4. Plaintiffs' Original Petition filed in the State Court Action included a jury demand.

## II.
## NATURE OF SUIT

5. This lawsuit involves a dispute over the alleged non-payment of insurance benefits and the handling of Plaintiffs' claim for damages allegedly caused by a hailstorm or windstorm "on or about March 10, 2013." Petition at ¶ 14. Plaintiffs assert causes of action against State Farm and claim representative Jessica Harris for violations of Chapter 541 of the Texas Insurance Code, fraud, and conspiracy to commit fraud.[1]

6. Plaintiffs reported their claim on September 3, 2013, and independent adjuster Bruce White inspected the insured property on September 6, 2013. On the same day after the inspection, White sent an estimate showing no covered damages were discovered. After Plaintiffs requested a re-inspection of their property, White conducted a second inspection of the interior on December 9, 2013, and Jon Flores conducted a second inspection of the roof and exterior on February 14, 2014. A second denial letter was issued on February 18, 2014.

7. Plaintiffs' counsel thereafter sent what seemingly purports to be a demand under the Insurance Code—but which is wholly deficient to meet statutory requirements—on September 8, 2014 and then instituted the current suit on February 27, 2015.

---

[1] Plaintiffs also assert causes of action against State Farm for violations of Chapter 542 of the Texas Insurance Code, alleged breach of contract and breach of the duty of good faith and fair dealing. Plaintiffs do not assert these causes of action against Defendant Harris.

8. During the claim, Defendant Jessica Harris reviewed a letter of representation from Plaintiffs' public adjuster on November 4, 2013 and acknowledged the letter in writing on the same day, requested a certified copy of Plaintiffs' policy, and spoke with Plaintiffs' public adjuster on November 4, 2013 and November 25, 2013 regarding a re-inspection. Despite Plaintiffs' allegations, Harris did not inspect Plaintiffs' property, communicate with Plaintiffs or their counsel, write an estimate, or make a coverage decision on Plaintiffs' claim.

### III.
### BASIS OF REMOVAL

9. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiffs and State Farm) and the amount in controversy exceeds $75,000, exclusive of interests and costs. Further, removal is proper because Plaintiffs improperly joined Defendant Harris solely to defeat diversity jurisdiction.

10. At the time this action was commenced, Plaintiffs Guido M. Smet and Sheila Smet were, and still are, residents of Harris County, Texas. Petition at ¶ 2.

11. State Farm was at the time this action commenced, and still is, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. *See Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Accordingly, State Farm is not a citizen of the State of Texas. *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Alonzo v. State Farm Lloyds,* No. SA-06-SA-0326-XR, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (State Farm Lloyds held to be diverse from Texas plaintiffs); *Caballero v. State Farm Lloyds,* No. CA-C-03-266,

2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same); *Rappaport v. State Farm Lloyds,* No. 3:97-CV-2747, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

12.     Defendant Jessica Harris was at the time this action commenced, and still is, a resident and citizen of Texas. However, Plaintiffs improperly joined Harris for the purposes of defeating diversity. For this reason, Harris' citizenship should not be considered in assessing whether the Court has jurisdiction under 28 U.S.C. § 1332. *See Salazar v. Allstate Texas Lloyd's Inc.,* 455 F.3d 571, 574 (5th Cir. 2006) ("federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant."); *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2003).

13.     Plaintiffs' Original Petition expressly alleges damages in excess of $100,000 satisfying the "amount in controversy" requirement of 28 U.S.C. § 1332(a). Petition at ¶ 96.

## IV.
## JESSICA HARRIS IS IMPROPERLY JOINED

14.     Plaintiffs sued Harris, a State Farm claim representative, even though she has no connection to Plaintiffs' allegations as stated in Plaintiffs' petition. Harris' involvement in the underlying claim was comprised entirely of: (1) reviewing a letter of representation from Plaintiffs' public adjuster; (2) acknowledging by written correspondence receipt of the letter of representation; (3) requesting a certified copy of Plaintiffs' policy; and (4) two phone calls with Plaintiffs' public adjuster about scheduling a re-inspection. Despite Plaintiffs' allegations, Harris never spoke to Plaintiffs or their counsel, never inspected or visited the property, and never made any coverage decision on Plaintiffs' claim. Bruce White and Jon Flores are the two adjusters who inspected the property, but Plaintiffs neglected to sue these individuals, opting to join Harris

upon demonstrably false allegations. Consequently, joinder of Jessica Harris is improper and Plaintiffs' claims against her should be dismissed.

15.   The factual allegations in Plaintiffs' Original Petition concerning Harris demonstrate they sued the wrong person.

- Defendant Harris was the adjuster assigned by State Farm to adjust the claim. Petition at ¶ 18.

- Defendant Harris was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. *Id.*

- Defendant Harris fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report. Petition at ¶ 19.

- Through Defendant Harris' report and estimate Plaintiffs were notified of State Farm's denial of their claim. *Id.*

- Defendant Harris wrongfully denied Plaintiffs' claim. Petition at ¶ 21.

- Defendant Harris violated State Farm's written policies by failing to fully investigate and evaluate Plaintiffs' loss. Petition at ¶ 22.

- Defendant Harris' investigation was performed in an insufficient amount of time. She also failed or refused to interview Plaintiffs, did not inspect for hidden or latent damages, failed to include usual and customary charges in the estimate, merely performed only a cursory inspection of the roof and exterior, and fraudulently represented to Plaintiffs by her estimate that Plaintiffs' damages were not covered. *Id.*

- Defendant Harris conducted a substandard and incomplete inspection of Plaintiffs' property. Petition at ¶ 30.

- Defendant Harris intentionally and knowingly conducted a substandard inspection of Plaintiffs' property with the intent to underpay or deny all or a portion of the claim for the benefit of State Farm. Petition at ¶ 33.

- Defendant Harris failed to properly assess Plaintiffs' damages and omitted properly covered damages from her reports and/or estimates of the damages. Petition at ¶ 50.

- Defendant Harris failed to explain to Plaintiffs the reasons for her inadequate settlement. Petition at ¶ 55.

- Defendant Harris did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages. Petition at ¶ 57.

16. Plaintiffs' allegations are entirely premised on Harris being the adjuster who inspected Plaintiffs' property. However, as explained above, Harris' involvement with the claim was insignificant, and she was not one of the adjusters who conducted the inspections, communicated with Plaintiffs, wrote the estimates, or made the coverage decisions. Plaintiffs' allegations against Harris are blatantly false and cannot support any liability claim against her

17. Improper joinder is established when there is actual fraud in the pleading of jurisdictional facts or there is no reasonable basis to predict a plaintiff can recover against a non-diverse defendant. *Smallwood v. Ill. Centr. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Regarding the latter, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs*, 181 F. 3d at 701.

18. Texas law, in limited circumstances, authorizes actions against insurance representatives in their individual capacities under both the Insurance Code and the DTPA. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). However such liability is not automatic and is certainly not available against an individual who had no involvement in the claim as alleged in the petition. The Fifth Circuit has held the plaintiff must demonstrate that the representative, as an individual, committed the Texas Insurance Code violation that caused the harm. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544-45 (5th Cir. 2004).

19. Here, Plaintiffs' specific factual allegations against Harris are unquestionably false and also provide no conceivable basis in law or fact upon which Plaintiffs can state a valid

state law cause of action—thus providing no "factual fit" with any cause of action Plaintiffs assert. *See Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 U.S. Dist. LEXIS 28615, at *13-17 (S.D. Tex. Mar. 25, 2010) (Harmon, J.) (denying remand when the instate adjuster named as the defendant was not the adjuster who had analyzed and denied the claim); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. 4:09-cv-01728, 2009 U.S. Dist. LEXIS 99854, at *12-14 (S.D. Tex. Oct. 27, 2009) (Werlein, J.) (no reasonable possibility of recovery when the adjuster had minimal involvement in further investigating plaintiff's claim after a different adjuster had denied the claim).

20.     Plaintiffs have alleged false jurisdictional facts and have no cognizable claim against Defendant Harris in her individual capacity under any of the theories asserted. Plaintiffs have not alleged any specific actions on the part of Harris which could possibly be actionable, nor have Plaintiffs articulated any specific conduct from which liability could possibly arise. Therefore, Plaintiffs' claims against Defendant Harris cannot stand and should be dismissed.

## V.
### REMOVAL PROCEDURES

21.     State Farm was served with process on March 10, 2015. Upon information and belief, Defendant Jessica Harris has not been served with process but did file an answer on April 2, 2015. This Notice of Removal is being filed on April 9, 2015. Accordingly, this Notice of Removal is timely filed within 30 days of when Defendants received a copy of Plaintiffs' Original Petition and within one year of the commencement of this suit. *See* 28 U.S.C. § 1446(b).

22.     Defendants State Farm and Jessica Harris join in this removal.

23.     Plaintiffs filed this action in Harris, Texas. The Houston Division of the Southern District of Texas encompasses Hidalgo County, Texas. *See* 28 U.S.C. § 124(b)(2). Thus, venue

is proper because this district and division embrace the place where the state court action is pending. See 28 U.S.C. § 1441(a).

24. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon State Farm in the State Court Action are attached to this notice as Exhibit B.

25. A copy of this Notice of Removal will be filed with the Harris County District Clerk's office and served on the Plaintiffs promptly. See 28 U.S.C. § 1446(d).

26. All documents required by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.

## VI.
## PRAYER

State Farm Lloyds respectfully requests that the above-styled action now pending in the 125th Judicial District Court of Harris County, Texas be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered that Plaintiffs take nothing by his suit against State Farm Lloyds, and for such other and further relief to which State Farm Lloyds may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
Dale M. "Rett" Holidy
State Bar No. 00792937
Federal I.D. No. 21382
Three Allen Center
333 Clay Street
Houston, Texas 77002
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
Email: rholidy@germer.com

8

**ATTORNEY-IN-CHARGE FOR DEFENDANT
STATE FARM LLOYDS**

OF COUNSEL:

**GERMER PLLC**
Mark B. Shutt
State Bar No. 24085583
Federal I.D. No. 2182326
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
Email: mshutt@germer.com

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 9th day of April, 2014.

_____
**DALE M. "RETT" HOLIDY**

## LIST OF ATTORNEYS/PARTIES

1. Martin J. Phipps
   PHIPPS, LLP
   102 9th Street
   San Antonio, Texas 78215
   Telephone:  (210) 340-9877
   Facsimile:  (210) 340-9899

*Attorney for Plaintiffs*

2. Dale M. "Rett" Holidy
   Mark Shutt
   GERMER PLLC
   Three Allen Center
   333 Clay Street
   Houston, Texas 77002
   Telephone: (713) 650-1313
   Facsimile: (713) 739-7420

*Attorneys for Defendants*

# INDEX OF DOCUMENTS FILED
# WITH REMOVAL ACTION

## GUIDO M. SMET AND SHEILA SMET VS. STATE FARM LLOYDS AND JESSICA HARRIS

(a) Plaintiffs' Original Petition and Jury Demand;
(b) Citation on Defendant, State Farm Lloyds;
(c) Defendants' Original Answer; and
(d) Docket/Case Summary Sheet.