2/27/2015 2:53:43 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4317265
By: Charlie Tezeno
Filed: 2/27/2015 2:53:43 PM

## 2015-11672 / Court: 125

CAUSE NO. _____

| | | |
|---|---|---|
| **GUIDO M. SMET and** | § | **IN THE DISTRICT COURT** |
| **SHEILA SMET** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | **___ TH JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS and** | § | |
| **JESSICA HARRIS** | § | |
| | § | |
| *Defendants.* | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW PLAINTIFFS GUIDO M. SMET and SHEILA SMET ("PLAINTIFFS"),

and file their Original Petition, complaining of STATE FARM LLOYDS ("STATE FARM") and

JESSICA HARRIS ("HARRIS") (collectively referred to as "Defendants"), and allege and state

as follows:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery in this action be conducted under Level 2, in

accordance with Tex. R. Civ. P. 190.3.

### B. PARTIES

2.      Plaintiffs, GUIDO M. SMET and SHEILA SMET ("PLAINTIFFS"), are

individuals residing in a Harris County, Texas at 11110 Hillside Glen Trail, Houston, Texas

77065.

3.      Defendant, STATE FARM LLOYDS ("STATE FARM"), is a domestic insurance

carrier authorized to conduct insurance business in Texas, whose home office is located in Collin

County, and may be served with process by serving its designated attorney for service, Rendi

### Exhibit A & B

Black c/o State Farm, in Collin County at 17301 Preston Road, Dallas, Texas 75252.

4.     Defendant, JESSICA HARRIS ("HARRIS"), is an individual residing in and domiciled in Texas who is engaged in the business of adjusting insurance claims in the State of Texas. This Defendant may be served with process by a process server at her place of residence or place of business, or wherever she may be found.

## C. JURISDICTION

5.     This Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6.     This Court has jurisdiction over Defendant STATE FARM because this Defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

7.     This Court has jurisdiction over Defendant HARRIS because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arises out of this Defendant's business activities in the State of Texas.

## D. VENUE

8.     Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

## E. CONDITIONS PRECEDENT

9.     All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDENT SUPERIOR*

10.    Whenever in this petition it is alleged that STATE FARM did any act or

omission, it is meant that STATE FARM itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of STATE FARM or done in the normal routine, course and scope of the agency or employment of STATE FARM or its agents, officers, servants, employees, or representatives.

## G. FACTS

11.     Plaintiffs are the owners of Texas Insurance Policy No. 532EB40217 (hereinafter referred to as "the Policy"), which was issued by Defendant STATE FARM.

12.     Plaintiffs own the insured residential property specifically located at 11110 Hillside Glen Trail, Houston, Harris County, Texas 77065 (hereinafter referred to as "the Property").

13.     Defendant STATE FARM sold the Policy insuring the Property to Plaintiffs.

14.     On or about May 10, 2013, a severe hailstorm and/or windstorm struck Harris County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property ("the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the Storm. Water intrusion through the roof caused extensive damage throughout the interior of the Property including, but not limited to, the interior ceilings, walls, and flooring of the Property. Plaintiffs' Property also sustained substantial exterior damage during the Storm.

15.     After the Storm, Plaintiffs filed a claim (Claim No. 53338X774) with their insurance company, Defendant STATE FARM, for the damages to the Property caused by the Storm.

16.     Plaintiffs submitted a claim to Defendant STATE FARM against the Policy for Roof Damage, Structural Damage, Water Damage, and Windstorm and Hail Damage the Property sustained as a result of the Storm.

17.    Plaintiffs requested that Defendant STATE FARM cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property.

18.    Defendant HARRIS was the adjuster assigned by STATE FARM to adjust the claim.  HARRIS was improperly trained and failed to perform a thorough investigation of Plaintiffs' Hail and Wind Damage Property claim and intentionally, knowingly and deceptively, with malice, set out to deny all or a portion of the Plaintiffs' Hail and Wind Damage Property claim by engaging in false, misleading, deceptive and fraudulent acts and practices of omission and commission which ultimately resulted in Plaintiffs being denied the benefit of the bargain and loss payments due under the terms and conditions of the Policy of Insurance issued by STATE FARM.

19.    HARRIS' adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiffs receiving nothing from STATE FARM to cover the losses sustained by Plaintiffs to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and conditions of the Policy for which Plaintiffs were responsible.

20.    As a result thereof, Plaintiffs were notified by STATE FARM that based on relevant information, including HARRIS' report and estimate, the damages were not caused by a covered cause of loss and the claim could not be covered.

21.    STATE FARM and its adjuster, HARRIS, wrongfully denied Plaintiffs' claim for repairs of the insured Property, even though the Policy provided coverage for losses such as

those suffered by Plaintiffs.

22.     Based upon information and belief, Defendant HARRIS was compensated on a per claim adjusted basis and/or other combination of compensation tied to the quantity of claims adjusted. HARRIS was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiffs' Hail and Wind damage loss to Plaintiffs' Property resulting from the Storm in order to increase the number of claims adjusted by her for her personal pecuniary benefit, as indicated below in sub-paragraphs (a) thru (g). Defendant HARRIS was negligent in violating STATE FARM'S written policies as they relate to claims handling practices by failing to fully investigate and document all damage to Plaintiffs' insured Property and by failing to fully investigate and evaluate the Plaintiffs' insured loss based upon local replacement and/or repair costs for each item of damage, as indicated below in sub-paragraphs (a) thru (g). Additionally, based upon information and belief and the acts and practices actually employed by Defendant HARRIS, HARRIS held a personal bias in favor of insurance companies and prejudice against insurance claimants generally, and more specifically towards Plaintiffs herein as specifically demonstrated below in sub-paragraphs (a) thru (b). Defendant HARRIS, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiffs as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein by Plaintiffs resulting in the denial and/or underpayment of Plaintiffs claim; to wit:

> a)      HARRIS' investigation and inspection for damages to the Plaintiffs' Property was performed in an insufficient time period to perform an adequate assessment of the damage to the Property resulting from the

Storm;

b)    HARRIS failed to and/or refused to properly interview the Plaintiffs to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition;

c)    HARRIS refused to and did not inspect for hidden or latent damage resulting to Plaintiffs' Property that is customarily found to exist on property that has gone through a hail and wind storm of the severity of that which occurred in Harris County on May 10, 2013;

d)    HARRIS failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by contractors in the area for the repair, replacement and restoration of the Plaintiffs' Property damaged by the Storm;

e)    HARRIS performed only a cursory inspection of the roof and exterior, and interior of the insured Property; and failed to assess, estimate and include all covered damage to the Property in the report and adjustment of loss to STATE FARM for exterior and interior water damages and/or note other damages existing to the Property at the time of inspection such as ceilings and walls that were sustained as a result of the Storm;

f)    HARRIS, during her investigation of the Plaintiffs' claim, failed to include all damages sustained to the Property by the Storm, thus submitting an inaccurate and false report of Plaintiffs' covered Storm Property losses to STATE FARM;

g) HARRIS fraudulently represented to Plaintiffs verbally and by conduct, in preparing an inadequate, incomplete and undervalued estimate of the cost of replacement and/or repair of Storm damage to Plaintiffs' Property, that the majority of the damages to the Property were not severe or Storm related; and that most, if not all, of the covered damages found to exist upon observation of Plaintiffs' Property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was Storm related and should have been included in HARRIS' report to STATE FARM.

23. Defendant STATE FARM failed to thoroughly review the fraudulent and inaccurate assessment of the claim by HARRIS, and ultimately approved HARRIS' inaccurate report of the damages to the Property.

24. The mishandling of Plaintiffs' claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy and have not been able to fully repair or replace the damage to the insured Property.

25. Defendant HARRIS is individually legally liable to Plaintiffs for the losses and damages sustained as a direct, producing and proximate cause of the acts of omission and commission detailed herein and above, for which Plaintiffs here now sue for the recovery of monetary damages within the jurisdictional limits of this court against said Defendant.

26. In the alternative, without waiving the foregoing, and based upon information and belief, STATE FARM, in hiring adjusters and claims representatives, was responsible to and had a legal duty to ensure that they hired and retained competent, qualified and ethical licensed

adjusters and claims representatives who would deal fairly, honestly and in good faith with the policy holders of STATE FARM in the practice of insurance claims handling. STATE FARM breached such duties in connection with Plaintiffs' Property Damage claim resulting from the Storm by failing to properly train, direct and oversee the claims handling practices employed by HARRIS.

27.     At all times material herein, STATE FARM had a non-delegable contractual legal duty to timely, fairly and in good faith fully investigate, process, adjust, timely pay and re-adjust claims for all covered losses sustained by its policy holders as a result of the Storm, including Plaintiffs. STATE FARM represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and business property insurance with STATE FARM. Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to storm related property losses, Plaintiffs relied on such representations to their detriment, purchased the Policy from STATE FARM and accepted the estimate of damages from HARRIS which, unknown to Plaintiffs, included denial and underpayment of covered losses and damages sustained in the Storm. STATE FARM made such representations knowing they were false and with the intent that Plaintiffs rely on such representations. STATE FARM, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiffs herein, is responsible for the acts of omission and commission set forth herein and above in connection with HARRIS' investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiffs as a result of the Storm.

28.     STATE FARM distributed training, educational, and instructional materials to the field claim representatives and adjusters such as HARRIS; held meetings and issued directives to the field instructing how STATE FARM wanted the hail losses like Plaintiffs' to be handled. STATE FARM communicated and disseminated claims handling practices and methodologies to its field adjusters such as HARRIS of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in the report to the Property from the Storm.  These policies served to fuel and motivate HARRIS' individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiffs as set forth herein.

29.     Additionally, STATE FARM and HARRIS, collectively and individually, conspired to and did breach their duty of good faith, fair dealing and timely payment of all covered losses owed to Plaintiffs resulting from the Storm as set forth below.

30.     Defendant HARRIS conducted a substandard and incomplete inspection of Plaintiffs' Property.  Plaintiffs' damages were noted in an inaccurate report and/or estimate of Plaintiffs' Storm damages, dated September 4, 2013, which failed to include many of the damages noted upon inspection and grossly underestimated and undervalued those damages that were included.

31.     Defendant STATE FARM failed to thoroughly review the assessment of the claim by Defendant HARRIS and ultimately approved HARRIS' inaccurate report of the damages.  As a result, Plaintiffs were denied payment on their claim and have suffered damages.

32.     Together, Defendants set out to deny and/or underpay properly covered damages. As a result of Defendants unreasonable investigation, including their under-scoping and

incomplete inspection of Plaintiffs' Storm damages during their investigation(s) and failure to provide full coverage for the damages sustained by Plaintiffs, Plaintiffs' claim was improperly adjusted, and Plaintiffs were denied adequate and sufficient payment to repair the Property and have suffered damages.

33.    HARRIS intentionally, knowingly and as directed by STATE FARM, conducted a substandard investigation of Plaintiffs' claim with the intent to underpay or deny all or a portion of the claim for the benefit of STATE FARM, which resulted in losses and damages to Plaintiffs' Property. This practice of wrongfully denying and/or underpaying claims of STATE FARM policy holders for covered losses sustained by them in the Storm by refusing to fully inspect the Property for damage, misrepresenting coverage, the scope of coverage and loss, under-estimating repair costs, denying claims for covered losses underpaying covered losses of its insured policy holders, was specifically employed by HARRIS in connection with the handling of the claim for damages and losses sustained by Plaintiffs as a result of the Storm.

34.    Defendant HARRIS, engaged in a claims processing handling practice designed by STATE FARM to reduce the overall loss payments STATE FARM was obligated contractually to pay policyholders as a whole for the covered losses resulting from the Storm. STATE FARM directed its adjusters and claim representatives to misrepresent coverage, the scope of coverage and loss, under-estimate repair costs, deny claims for covered losses, underpay covered losses of its insured policy holders, refuse to inspect portions of the properties damaged, and claim that damage to the property found to exist was due to normal wear and tear or was the result of other causes that pre-existed the Storm as a basis for not including those damages in the report. Plaintiffs' claim, as demonstrated herein, is typical of the deceptive acts and practices and unfair claims settlement practices intentionally and knowingly employed by Defendants

STATE FARM and HARRIS in connection with the handling of Plaintiffs' claim.

35. As detailed in the paragraphs below, Defendant STATE FARM wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Defendant STATE FARM underpaid some of the Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

36. To date, Defendant STATE FARM continues to delay in the payment for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their Property.

37. Defendant STATE FARM failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant STATE FARM'S conduct constitutes a breach of the insurance contract between STATE FARM and Plaintiffs.

38. Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

39. Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

40. Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

41. Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

42. Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an incomplete and outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

43. Defendant STATE FARM failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. STATE FARM'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of

Claims. TEX. INS. CODE §542.055.

44. Defendant STATE FARM failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. STATE FARM'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

45. Defendant STATE FARM failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. STATE FARM'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

46. From and after the time Plaintiffs' claim was presented to Defendant STATE FARM, the liability of STATE FARM to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, STATE FARM has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. STATE FARM'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

47. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

48. As a result of Defendants wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## H. CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT
### JESSICA HARRIS

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

49.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-48 and incorporate the same herein by this reference as if here set forth in full.

50.     Defendant STATE FARM assigned Defendant HARRIS to adjust the claim. Defendant HARRIS was inadequately and improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During the investigation, HARRIS failed to properly assess Plaintiffs' Storm damages and omitted properly covered damages from her reports and/or estimates of the damages, including all of Plaintiffs' interior and exterior damages. In addition, the damages that HARRIS did include in her estimates and reports were grossly undervalued and underestimated. As a result, Plaintiffs claim was denied and have suffered damages.

51.     Defendant HARRIS' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

52.     Defendant HARRIS is individually liable for her unfair and deceptive acts, despite the fact she was acting on behalf of STATE FARM, because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)

(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

53. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant HARRIS' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

54. Defendant HARRIS failed to make an attempt to settle Plaintiffs' claim in a fair manner, although she was aware of Defendant's liability to Plaintiffs under the Policy. Defendant HARRIS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

55. Defendant HARRIS failed to explain to Plaintiffs the reasons for her offer of an inadequate settlement. Specifically, Defendant HARRIS failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any

explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant HARRIS as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

56.     Defendant HARRIS' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

57.     Defendant HARRIS did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages. Defendant HARRIS' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### *CAUSES OF ACTION AGAINST DEFENDANT*
### *STATE FARM LLOYDS*

58.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-57 and incorporate the same herein by this reference as if here set forth in full.

59.     Defendant STATE FARM is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

60.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-59

---

and incorporate the same herein by this reference as if here set forth in full.

61. Defendant STATE FARM'S conduct constitutes a breach of the insurance contract made between STATE FARM and Plaintiffs.

62. Defendant STATE FARM'S failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of STATE FARM'S insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

63. Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-62 and incorporate the same herein by this reference as if here set forth in full.

64. Defendant STATE FARM'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

65. Defendant STATE FARM'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

66. Defendant STATE FARM'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though STATE FARM'S liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

67. Defendant STATE FARM'S unfair settlement practice, as described above, of

failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

68.     Defendant STATE FARM'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

69.     Defendant STATE FARM'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(A)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

70.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-69 and incorporate the same herein by this reference as if here set forth in full.

71.     Defendant STATE FARM'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

72.     Defendant STATE FARM'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

73.     Defendant STATE FARM'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

74.     Defendant STATE FARM'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

75.     Defendant HARRIS, whose conduct is referenced herein and above, is an agent of STATE FARM based upon her acts of commission and omission in the handling of Plaintiffs' claim, including inspections, adjustments, and aiding in the adjustment of the loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

76.     Separately, and/or in the alternative, as referenced and described above, STATE FARM ratified the actions and conduct of HARRIS including the manner in which she discharged or failed to properly discharge her duties under the common law and applicable statutory laws and regulations.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

77.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-76 and incorporate the same herein by this reference as if here set forth in full.

78.     Defendant STATE FARM'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

79.     Defendant STATE FARM'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, STATE FARM

knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## *CAUSES OF ACTION AGAINST ALL DEFENDANTS*

80.     Plaintiffs are not making any claims for relief under federal law.

## FRAUD

81.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-80 and incorporate the same herein by this reference as if here set forth in full.

82.     Defendants are liable to Plaintiffs for common law fraud.

83.     STATE FARM represented in its Policy that covered Hail and Wind Damages would be insured against loss. Plaintiffs, to their detriment, purchased STATE FARM'S policy in exchange for a benefit STATE FARM knew the Plaintiffs would not receive. Plaintiffs further relied to their detriment upon the false, fraudulent and deceptive acts and practices employed by Defendants, in performing an inspection, investigation and evaluation of Plaintiffs' Storm damages. Plaintiffs are not knowledgeable in the manner and scope required to investigate a storm related loss, nor knowledgeable in insurance loss coverage issues. Defendants, based upon their experience, special knowledge of storm related structural loss issues and insurance coverage issues were able to deceive Plaintiffs into to believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjustor and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid. Plaintiffs were unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the Property losses sustained by Plaintiffs. Plaintiffs relied to their detriment on such actions and representations resulting in the losses and damages complained of

herein. Plaintiffs have been unable to repair the Storm damages and/or make temporary repairs using Plaintiffs' own limited funds, prolonging Plaintiffs' hardship of living in a storm damaged home. Defendants knew at the time the above misrepresentations and fraudulent conduct occurred that the representations contained in the estimate of loss and communicated to Plaintiffs were false. Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods concerning material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

84.     The statements were made with the intention that they should be acted and relied upon by Plaintiffs, who in turn acted in reliance upon such statements and actions, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

85.     Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-84 and incorporate the same herein by this reference as if here set forth in full.

86.     Defendants are liable to Plaintiffs for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## I. KNOWLEDGE

87.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs'

damages described herein.

## J. DAMAGES

88.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

89.     As previously mentioned, the damages caused by the May 10, 2013 hailstorm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

90.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

91.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times their actual damages. TEX. INS. CODE §541.152.

92.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

93.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the

insurer owed, exemplary damages, and damages for emotional distress.

94.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

95.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## K.  STATEMENT OF RELIEF AND DAMAGES

96.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum of which is over $100,000 but not more than $200,000. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## L.  RESERVATION OF RIGHTS

97.     Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition to add additional counts upon further discovery and as their investigation continues.

## M.  JURY DEMAND

98.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the

appropriate jury fee.

## N. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sum as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they are justly entitled to.

Respectfully submitted,

**PHIPPS, LLP**
THE PHIPPS
102 9th Street
San Antonio, Texas 78215
Telephone:   (210) 340-9877
Telecopier:   (210) 340-9899
Email: bfisher@phippsllp.com

BY:   /s/ Martin J. Phipps
        MARTIN J. PHIPPS
        State Bar No. 00791444
        BLAYNE FISHER
        State Bar No. 24090099

**ATTORNEYS FOR PLAINTIFFS**

U.S. POSTAGE >> PITNEY BOWES

ZIP 77002 $ **012.87**⁰
02 1W
0001371269 MAR 02 2015

HARRIS CO CONSTABLE PCT 1
Civil Division
1302 PRESTON ST STE 312
Houston      TX      77002



7190 1037 6610 0000 7011

addressee only, restricted delivery!

STATE FARM LLOYDS
BY SERVING RENDI BLACK
17301 PRESTON ROAD

DALLAS      TX   75252

RECEIVED

MAR 10 2015

EXECUTIVE



PLEASE
DO NOT FORWARD
ADDRESS LISTED ONLY

RECEIVED

MAR 12 2015

TLRG

RETURN SERVICE REQUESTED

RECEIVED

MAR 1 2 2015

TLRG

53-338X-774

CAUSE NO. 201511672

RECEIPT NO.        75.00     CO1
         **********

RECEIVED

MAR 1 0 2015

EXECUTIVE

TR # 73107778

PLAINTIFF: SMET, GUIDO M.
    vs.
DEFENDANT: STATE FARM LLOYDS

In The  125th
Judicial District Court
of Harris County, Texas
125TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

Delivery this___MAR 0 2 2015___, 20___
    ALAN ROSEN, Constable
    Precinct #1, Harris County
By_____ 134
             Deputy

TO: STATE FARM LLOYDS BY SERVING RENDI BLACK
    17301 PRESTON ROAD  DALLAS TX 75252

       Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>27th day of February, 2015</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

      YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 27th day of February, 2015, under my hand and
seal of said Court.

<u>Issued at request of:</u>
PHIPPS, MARTIN J.
102 9TH STREET
SAN ANTONIO, TX 78215
Tel: (210) 340-9877
<u>Bar No.</u>: 791444

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline      Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: TEZENO, CHARLIE   CMA//10040648

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION to the following addressee at address:

_____

ADDRESS

ADDRESSEE

Service was executed in accordance with Rule 106(a) (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at _____

on _____ day of _____, _____ by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

CHRIS DANIEL, District Clerk
HARRIS COUNTY, T E X A S

By _____, Deputy

N.INT.CITM.P

4/2/2015 3:42:11 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4750942
By: Danielle Gutierrez
Filed: 4/2/2015 3:42:11 PM

## CAUSE NO. 2015-11672

| | | |
|---|---|---|
| **GUIDO M. SMET and SHEILA SMET** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **STATE FARM LLOYDS, and** | § | |
| **JESSICA HARRIS** | § | |
| **Defendants.** | § | **125th JUDICIAL DISTRICT** |

### DEFENDANTS STATE FARM LLOYDS' AND JESSICA HARRIS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), and JESSICA HARRIS, Defendants in the above-entitled and numbered cause, and file their Original Answer to the allegations contained in Plaintiffs' Original Petition, and all subsequent amended or supplemental petitions filed against them and would show as follows:

### I.
### GENERAL DENIAL

**1.**　Defendants State Farm and Jessica Harris generally deny all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demand strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm and Jessica Harris would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

**2.**　**Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the

1

insured property during the policy period.  Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

   **3.**  **Payment.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.

   **4.**  **Deductible/Offset.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

   **5.**  **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

   **6.**  **Failure of Policy Considerations/Conditions Precedent.**  Defendants hereby assert all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss."  Specifically, Plaintiffs have failed to satisfy the conditions of the policy requiring Plaintiff to protect the property from further damage, which reads as follows:

**SECTION I – CONDITIONS**

\*  \*  \*  \*  \*

  2.  **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

    a.  give immediate notice to us or our agent…

    b.  protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

\*  \*  \*  \*  \*

2

      d.    as often as we reasonably require:

         (1)    exhibit the damaged property;
         (2)    provide us with records and documents we request and permit us to make copies;

Plaintiffs failed to comply with these conditions precedent because they failed to report the claim made the basis of this lawsuit until September 3, 2013, almost four months after the May 10, 2015 date of loss. This delay in reporting his claim is unreasonable and prejudiced State Farm's investigation of the claim. Based on the limited information available at the time Plaintiffs submitted their claim, on information and belief, Plaintiffs failed to protect the property from further damage during the considerable delay between when Plaintiffs allege the damage occurred and when they submitted their claim almost four months later. In addition, Plaintiffs failed to properly maintain and repair their weathered and worn roofing system when it required repair. Plaintiffs cannot recover, in whole or in part, on Plaintiffs' breach of contract cause of action, and consequently on all of the other causes of action alleged in Plaintiffs' Original Petition because of Plaintiffs' failure to satisfy the conditions precedent contained in the policy at issue.

      **7.**    **Pre-Existing Damages.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, pre-existed the alleged occurrence wind.

      **8.**    **Normal Wear and Tear.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear.  The policy at issue specifically provides:

## SECTION I – LOSSES NOT INSURED

1.      We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

* * * * *

      g.      wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

      h.      corrosion, electrolysis or rust;

      i.      wet or dry rot;

* * * * *

      l.      settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

* * * * *

Plaintiffs have claimed roof, water, interior, and exterior damage that resulted, in whole or in part, from and appears to have occurred over time as a result of age and deterioration, including wear, tear, deterioration, corrosion, rust, wet or dry rot, cracking and/or shrinking over time, which condition is specifically excluded under the policy at issue.

**9.      Neglect.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, were proximately caused, in whole or in part, by neglect.  The policy at issue specifically provides:

## SECTION I – LOSSES NOT INSURED

2.      We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded

4

event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs

\* \* \* \* \*

c.   **Water Damage**, meaning:

(1)   Flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

\* \* \* \* \*

d.   **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

\* \* \* \* \*

In their Original Petition, Plaintiffs are claiming that he have suffered interior water damage that resulted, in whole or in part, from neglect, which condition is specifically excluded under the policy at issue.

**10.    Bona Fide/Legitimate Dispute.**  A bona fide legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**11.    Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiffs prove Defendants' liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendants' due process

5

rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

12.     **Chapter 38 Attorney's Fees.**   Plaintiffs cannot recover attorney's fees from Defendants under Chapter 38 of the Texas Civil Practice and Remedies Code.  "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for. . .(8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8).   Defendant State Farm Lloyds is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to Defendant State Farm Lloyds. *See Fleming & Assocs., L.L.P. v. Barton,* 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).   Additionally, Plaintiff has not brought contractual claims against Defendant Harris. Therefore, Chapter 38 is inapplicable to Harris as well.

### III.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant STATE FARM LLOYDS and JESSICA HARRIS pray that they be released and discharged of all claims brought against them, that Plaintiffs take nothing by reason of this suit, and for such other and further relief, general or special, at law or in equity, including taxable costs, to which Defendants are entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
        **DALE M. "RETT" HOLIDY**
        State Bar No. 00792937
        Three Allen Center
        333 Clay Street, Suite 4950
        Houston, Texas 77002
        (713) 650-1313 - Telephone
        (713) 739-7420 – Facsimile
        rholidy@germer.com - Email

        **ATTORNEY FOR DEFENDANTS,**
        **STATE FARM LLOYDS AND JESSICA**
        **HARRIS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 2nd day of April, 2015.

_____
**DALE M. "RETT" HOLIDY**

7

**HCDistrictclerk.com**        SMET, GUIDO M. vs. STATE FARM LLOYDS                4/9/2015
                    Cause: 201511672        CDI: 7        Court: 125

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SETTINGS**
No Settings found.

**NOTICES**
No Notices found.

**SUMMARY**

CASE DETAILS                                COURT DETAILS

| | |
|---|---|
| **File Date** | 2/27/2015 |
| **Case (Cause) Location** | Civil Intake 1st Floor |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | N/A |

| | |
|---|---|
| **Court** | 125th |
| **Address** | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686141 |
| **JudgeName** | KYLE CARTER |
| **Court Type** | Civil |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| SMET, GUIDO M. | PLAINTIFF - CIVIL | | PHIPPS, MARTIN J. |
| 11110 HILLSIDE GLEN TRAIL, HOUSTON, TX 77065 | | | |
| STATE FARM LLOYDS | DEFENDANT - CIVIL | | HOLIDY, DALE MARETT |
| 17301 PRESTON ROAD, DALLAS, TX 75252 | | | |
| HARRIS, JESSICA | DEFENDANT - CIVIL | | |

|  |  | HOLIDY, DALE MARETT |
|---|---|---|
| STATE FARM LLOYDS BY SERVING RENDI BLACK | REGISTERED AGENT | |
| SMET, SHEILA | PLAINTIFF - CIVIL | PHIPPS, MARTIN J. |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 4/2/2015 | ANSWER ORIGINAL PETITION | | | 0 | | HOLIDY, DALE MARETT | HARRIS, JESSICA |
| 4/2/2015 | ANSWER ORIGINAL PETITION | | | 0 | | HOLIDY, DALE MARETT | STATE FARM LLOYDS |
| 2/27/2015 | ORIGINAL PETITION | | | 0 | | PHIPPS, MARTIN J. | SMET, SHEILA |
| 2/27/2015 | ORIGINAL PETITION | | | 0 | | PHIPPS, MARTIN J. | SMET, GUIDO M. |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | STATE FARM LLOYDS BY SERVING RENDI BLACK | 2/27/2015 | 2/27/2015 | | | | 73107778 | CONST 1 JACK F. ABERCIA |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 64886357 | Defendants State Farm LLoyds' and Jessica Harris' Original Answer | | 04/02/2015 | 7 |
| 64434994 | Plaintiffs Original Petition | | 02/27/2015 | 24 |
| 64434995 | Civil Case Information Sheet | | 02/27/2015 | 1 |
| 64434996 | Civil Process Request | | 02/27/2015 | 2 |